Prehearing Report / Proposed Opinion

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Madera Utilities, Inc., Appellant,
v.
South Carolina Department of Health and Environmental Control,
Respondent.
 
 
 

Appeal From Richland County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2006-UP-124
Submitted January 1, 2006  Filed February 24, 2006   

AFFIRMED

 
 
 
William Benjamin Rogers, Jr., Rogers & Munnerlyn, PA, of Bennettsville, for Appellant.
Julie F. McIntyre, S.C. Dept. of Health & Environmental Control, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Madera Utilities appeals a circuit court order affirming an administrative law judges decision denying its motion to add parties to the action under Rule 19(a), SCRCP.  We affirm.
FACTS
In October 1985, Madera Utilities purchased the right to operate the Heatherwood Wastewater Treatment Facility (WWTF) in Central, South Carolina.  Madera operated the facility under a National Pollutant Discharge Elimination System (NPDES) permit issued by the Department of Health and Environmental Control (DHEC) in September 1998.  Among other things, the permit required Madera to complete certain construction projects and eliminate discharge from the facility by September 1, 2000 in accordance with a schedule of compliance.  Madera did not challenge the permits terms at the time of issuance.  
Madera failed to comply with the NPDES permit by neglecting to eliminate the facilitys discharge by September 1, 2000.  In response, on September 28, 2001, DHEC issued an administrative order that outlined the violations, set a new schedule of compliance, and imposed a $5,000 fine.  Following receipt of this order, Madera requested a contested case hearing before an administrative law judge.  In its Prehearing Statement, Madera asserted that in order to reach a full and fair resolution of the dispute, Pickens County, the City of Clemson, and the owners of the property on which the WWTF is located should be added as parties.
In a pre-hearing order, the ALJ treated this request as a motion to join necessary parties under Rule 19(a), SCRCP.  The order stated that while the requested parties may have interests that relate to the action, Madera was the permit holder and operator of the treatment facility.  Accordingly, the ALJ denied the motion.  
At the outset of the hearing before the ALJ, Madera stipulated that it did not comply with the NPDES permit or the accompanying schedule of compliance.  During the hearing Madera asserted that it was impossible for it to comply with the order because: 1.) Madera does not have the financial resources to complete the construction required to eliminate its discharge; and 2.) Madera does not own the real property on which the facility is situated and thus cannot undertake the required construction without the permission of the propertys owner . . . .  
Mr. Rogers, the secretary and sole remaining officer of Madera, explained during the hearing that Maderas non-compliance with the permit and subsequent order was not willful.  Specifically, he asserted that Madera made attempts to obtain financing in order to make the necessary improvements to the WWTF, but was unable to obtain funds because it does not own the property on which the facility is located.  Mr. Rogers also informed the court that Madera was in discussions with the Pickens County Regional Authority and the City of Clemson regarding a possible purchase or assumption of the facility.  
Following the hearing, the ALJ issued an order in favor of DHEC dismissing Maderas arguments as insufficient to warrant relief from the permits enforcement.  Madera appealed this decision to the Board of Health and Environmental Control who affirmed and adopted the ALJs order.  This decision was subsequently appealed to the circuit court, which denied the appeal without an opinion.  
LAW/ANALYSIS
Maderas sole contention in its appeal to this court is that the previous tribunals erred in failing to join Pickens County, the City of Clemson and the property owners as necessary parties under Rule 19(a), SCRCP.  We disagree.
Rule 19(a), SCRCP provides that a party shall be joined in an action if:

(1) [I]n his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

After reviewing the record, and the ALJs ruling on this issue in particular, we conclude that neither the ALJ nor the other tribunals erred in refusing to add the requested parties.  As the ALJ noted, while the City of Clemson, Pickens County, and the landowners may have interests that relate to the current action, Madera is the permit holder and the operator of the facility that is subject to regulation.  As such, Madera has not shown how failure to join the parties would impair or impede their ability to protect their interests or subject them to the possibility of incurring double, multiple, or otherwise inconsistent obligations.
AFFIRMED. [1]
STILWELL, KITTREDGE and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.